1  Sean D. Beatty (Bar No. 155328)
2  John W. Myers IV (Bar No. 179975)
   DEMLER, ARMSTRONG & ROWLAND, LLP
3  4500 E. Pacific Coast Highway, Fourth Floor
   Long Beach, California 90804-3298
   Telephone: (562) 597-0029
4  Fax: (562) 494-3958

5  Attorneys for defendants Toyota Motor Corporation and
   Toyota Motor Sales, U.S.A., Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

12  ZARUI KHACHATRYAN,            )  NO.   SACV08-00663 JVS (RNBx)
                                  )
13             Plaintiff,         )  Date:         September 8, 2008
                                  )  Time:         1:30 p.m.
14      vs.                       )  Courtroom:    10C
                                  )  Judge:        Hon. James V. Selna
15  TOYOTA MOTOR SALES,           )  Magistrate:   Hon. Robert N. Block
    U.S.A., INC., and TOYOTA      )
16  MOTOR CORPORATION,            )  **DEFENDANT TOYOTA MOTOR**
                                  )  **CORPORATION'S NOTICE OF**
17             Defendants.        )  **MOTION AND MOTION TO**
                                  )  **DISMISS THE COMPLAINT FOR**
18                                )  **INSUFFICIENT SERVICE OF**
                                  )  **PROCESS (FRCP 12(b)(5));**
19                                )  **MEMORANDUM OF POINTS AND**
                                  )  **AUTHORITIES; DECLARATION OF**
                                  )
20                                )  Complaint Filed:   June 13, 2008
                                  )  Trial Date:        None
21  _____ )

22  TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that on September 8, 2008, at 1:30 p.m., or as

24  soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled

25  court, located at 411 West Fourth Street, Santa Ana, CA 92701, defendant Toyota

26  Motor Corporation ("TMC"), will move this court for an order dismissing of the

27  complaint for insufficient service of process, pursuant to FRCP 12(b)(5).

28          This motion is made following the conferences of counsel pursuant to Local

TMS8620\MOTIONS\MTDI02

DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

1   Rule 7-3, which took place on July 9, 2008 and July 17, 2008.

2        This motion is based upon this notice, the attached memorandum of points

3   and authorities, the declaration of Ellen Farrell, and upon such oral and

4   documentary evidence as may be presented at the hearing of this motion.

5

6        Dated: July24, 2008     DEMLER, ARMSTRONG & ROWLAND, LLP

7

8            /s/ John W. Myers IV

9            SEAN D. BEATTY
         JOHN W. MYERS IV

10            Attorneys for defendants Toyota Motor
         Corporation andToyota Motor Sales, U.S.A., Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Sean D. Beatty (Bar No. 155328)
2 | John W. Myers IV (Bar No. 179975)
  | DEMLER, ARMSTRONG & ROWLAND, LLP
3 | 4500 E. Pacific Coast Highway, Fourth Floor
  | Long Beach, California 90804-3298
4 | Telephone: (562) 597-0029
  | Fax: (562) 494-3958
5 |
  | Attorneys for defendants Toyota Motor Corporation and
6 | Toyota Motor Sales, U.S.A., Inc.
7 |
8 |
9 | UNITED STATES DISTRICT COURT
10 | CENTRAL DISTRICT OF CALIFORNIA
11 | SOUTHERN DIVISION

| | |
|---|---|
| ZARUI KHACHATRYAN, | NO.    SACV08-00663 JVS (RNBx) |
| Plaintiff, | Date:          September 8, 2008 |
| | Time:          1:30 p.m. |
| vs. | Courtroom: 10C |
| | Judge:         Hon. James V. Selna |
| TOYOTA MOTOR SALES, | Magistrate:  Hon. Robert N. Block |
| U.S.A., INC., and TOYOTA | |
| MOTOR CORPORATION, | **DEFENDANT TOYOTA MOTOR** |
| | **CORPORATION'S MEMORANDUM** |
| Defendants. | **OF POINTS AND AUTHORITIES IN** |
| | **SUPPORT OF MOTION TO DISMISS** |
| | **THE COMPLAINT FOR** |
| | **INSUFFICIENT SERVICE OF** |
| | **PROCESS (FRCP 12(b)(5))** |
| | |
| | Complaint Filed:   June 13, 2008 |
| | Trial Date:        None |

TO THE COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

Defendant Toyota Motor Corporation (TMC) submits the following

memorandum of points and authorities in support of its motion for dismissal of the

complaint for insufficient service of process, pursuant to FRCP 12(b)(5).

///

///

///

1    1.    **INTRODUCTION AND SUMMARY OF ARGUMENT.**

2         This is a Lemon Law case brought by plaintiff Zarui Khachatryan, against

3    defendants Toyota Motor Corporation (TMC), a Japanese business entity, and

4    Toyota Motor Sales, U.S.A., Inc. (TMS), the regional distributor of the subject

5    vehicle.[1]  Plaintiff contends that her leased 2006 Toyota Sienna suffers from

6    engine stalling, hesitation, and illumination of the check engine light.  She sues

7    TMC for breach of implied warranties under the Federal Magnuson-Moss

8    WarrantyAct.[2]

9         According to the proof of service provided by plaintiff's counsel (Exhibit

10   A), TMC was "substitute served" under the California Code of Civil Procedure, on

11   June 24, 2008, via delivery and mailing of the summons and complaint to TMS'

12   "chairman" Yukitoshi Funo, at TMS' business address.  The box on the Judicial

13   Counsel form for "service on a foreign corporation" *was not checked by the*

14   *process server*.

15        TMC contends that plaintiff used a method (substitute service) not meant to

16   apply to a foreign business entity with no California address.  Defendant contends

17   that service was improper and that its Rule 12(b)(5) motion should be granted.

18

19   2.    **TMC HAS NOT BEEN PROPERLY SERVED.**

20        Service upon TMC was attempted under California law, which is permitted

21   by the Federal Rules of Civil Procedure.  Plaintiff contends that service upon TMC

22   was accomplished via delivery and mailing the summons and complaint to the

23   chairman *of TMS*.  There is no procedure for that and the service was invalid.

24

25   [1] The subject vehicle was actually made in the United States, not Japan, and it is
26   defendants' position that TMC does not belong in this case, at all.
     [2] Plaintiff's complaint includes other claims for relief against TMC, but during the
27   Local Rule 7-3 conference, plaintiff's counsel agreed to dismiss them.  By the time
     this motion is heard, both a stipulation and proposed order for the dismissal of
28   those claims should be on file.

TMS8620\MOTIONS\MTDI02                              4

As a general proposition, there are three ways of affecting service *in California*:  (1) personal service; (2) substitute service; and (3) service by acknowledgement and receipt.  California Code of Civil Procedure sections 415.10, 415.20 and 415.30.

In the instant case, there is no contention that TMC returned any acknowledgement of receipt, so the question becomes whether the company was either *personally* served or *substitute* served, in accordance with California law.

A.   Persnal Service

Any corporation may be "personally" served in California, if it has an officer, general manager, or agent for service (either designated or implied) in the state.  Such service is accomplished by delivering the summons and complaint to such person, on behalf of the corporation.  California Code of Civil Procedure section 416.10; *In re Title U.S.A. Ins. Corp.*, 36 Cal.App.4th 363, 368 (1995).  These methods are addressed in turn, below.

Officer.  There is no evidence, or contention by plaintiff, that TMC has corporate officers in California.  The proof of service does not reflect service upon an officer of TMC.

General Manager.   Under the "general manager" service method, the manager should obviously be an employee *of the defendant served*.  This is implicit in the requirement that he or she must appear to be in charge of the *defendant's* office or headquarters.  See *Roehl v. Texas Co.*, 107 Cal.App. 691 (1930); *Dill v. Berquist Const. Co., Inc.*, 24 Cal.App.4th 1426, 37 (1994).  *Gibble v. Car-Lene Research, Inc.*, 67 Cal.App.4th 295, 302-303.

In the instant case, plaintiff did not serve any employee of TMC.  He served the chairman of TMS, an entirely different company.  Importantly, plaintiff also failed to serve anyone apparently in charge of *TMC's* office or headquarters (because there is no such office or headquarters for TMC in California).  Rather, he served someone at *TMS'* headquarters.  TMS is not the general manager of

1  TMC.  (Decl. of Farrell, paras. 3 and 6.)  So, the purported personal service under
2  a "general manager" theory fails, on every point.

3      Agent for Service.  Plaintiff does not contend that TMC has a designated or
4  expressly authorized agent for service in California.  TMS is not TMC's
5  authorized agent for service.  (Decl. of Farrell, para. 4.)

6      However, the authority to accept service can admittedly be implied.  If a
7  corporation holds a certain person out as one of its principal officers, that person
8  may be held to have ostensible authority to receive service of summons on the
9  corporation's behalf, even if such person actually held no office at the time.
10 *Pasadena Medi-Center Associates v. Sup. Ct. (Houts)*, 9 Cal.3d 773, 777 (1973).

11     Plaintiff in the instant case served Mr. Funo with the summons and
12 complaint.  Mr. Funo is not held out by TMC as being an officer of TMC or
13 holding any other position at TMC that would suggest he had authority to accept
14 service on behalf of TMC.  He is not authorized to accept service for TMC.  (Decl.
15 of Farrell, para. 7.)  Plaintiff acknowledges this, by virtue of identifying Mr. Funo
16 as the chairman *of TMS*.  So, the "implied agent for service" method fails here,
17 too.

18     Thus, none of the methods for personal service of TMC, in California, have
19 been properly utilized by plaintiff.

20

21     B.    Substitute Service
22     Substitute service may be accomplished on an individual defendant or an
23 entity defendant, but the procedures are different for an entity, depending upon
24 whether the entity's physical address is known.  See, California Practice Guide,
25 Civil Procedure Before Trial, section 4:218, authored by Judge Robert I. Weil
26 (Ret.) and Judge Ira A. Brown (Ret.), Rutter Group (2008 Ed.).
27     If the defendant's physical address is known, the following steps must be
28 taken: (1) a copy of the summons and complaint must be left in the office of the

person authorized to be served on behalf of the entity; (2) it must be left with a
person "apparently in charge" of the office; and (3) it must be mailed to the person
at the place where copies were left.  *Id.*, at section 4:218.1; California Code of
Civil Procedure section 415.20(a).  If the physical address is not known, the
following steps must be taken:  (1) a copy of the summons and complaint must be
left with the person apparently in charge of the mailing address (but not if it is a
P.O. box); (2) the person served must be told of the contents of the served
documents; and (3) copies must be mailed to the defendant's mailing address.  *Id.*,
at section 4:218.2.

Here, TMC's physical address is plainly known to plaintiff.  TMC is a
Japanese entity, with a physical address in Japan that can be found on the internet.
TMC's mailing address is also in Japan, and readily available to plaintiff.   There
is no contention by plaintiff that TMC was substitute served by delivery at, and
mailing to, its physical or mailing address in Japan.

Thus, no proper substitute service has been made upon TMC.  TMC does
not have a physical or mailing address in the United States.  (Decl. of Farrell, para.
3.)


C.     *Volkswagenwerk* Case

Plaintiff is expected to argue that "substitute service" was made on TMS via
Mr. Funo, and that somehow this translates in to service upon TMS as the general
manager of TMC.  Logically, that does not work and plaintiff is mixing apples and
oranges.  An entity is served either personally, or by substitute service.  Not a
combination of both.  The "general manager" method of service is a manner of
personal service, not substitute service.  Substitute service upon an entity
defendant does not require identification of a "general manager" – it only requires
that service be made at the defendant's (TMC's) physical or mailing address.

Plaintiff is also bootstrapping.  The suggestion that delivery or mailing to

Mr. Funo was "substitute service" on TMS, and that such substitute service upon TMS somehow counts as *personal* service upon TMC under the "general manager" method, is flawed in logic and law.

As noted above, the "general manager" method of serving an entity defendant requires service *upon a person*, not a business.  (Even so, TMS is not "general manager" of TMC.)  Also, the "general manager" method of service requires that service be made upon someone in charge of the *defendant's* office or headquarters.  No could reasonably argue or expect that Mr. Funo, in Torrance, appeared to be in charge of *TMC's* office or headquarters in Japan.  Similarly, no one could reasonably argue or expect that TMS, as an entity located in Torrance, appeared to be in charge of *TMC's* office or headquarters in Japan (putting aside, for the moment, that a "general manager" should be a <u>person</u>).

Plaintiff may try to rely upon the U.S. Supreme Court's holding in *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694, 699, to support her argument.  However, plaintiff's reliance is misplaced and that case is distinguishable.  *Volkswagenwerk* was not a "general manager" case.  It was an "involuntary agent for service" case.  It was decided under Illinois law, which provided that a domestic subsidiary of was recognized as the foreign corporation's involuntary agent for service of process.  Id.

*The law in California is different*.  It has long been recognized that in California, service upon a subsidiary does not constitute service upon a parent corporation.  *Gravely Motor Plow & Cultivator Co. v. H.V. Carter Co., Inc.*, 193 F.2d 158, 161 (9th Cir. 1951) [under California law, "service on a subsidiary does not constitute service on a parent corporation, even if the subsidiary is considered to be an 'alter-ego' of the parent corporation."]; see also, *Graval v. P.T. Bakrie & Bros.*, 986 F.Supp. 1326, 1330-31 (C.D.Cal. 1996) [similar holding; disapproved on other grounds by *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002)].  There is no California rule under which TMS could be

1  considered TMC's agent for service.

2

3       D.     TMC must be Served under the Hague Convention

4       Absent valid service upon TMC in California, plaintiff is required to follow

5  the mandates of the Hague Convention in attempting to serve process of her

6  summons and complaint upon TMC, in Japan, in this California case.  See *Honda*

7  *Motor Co. v. Superior Court* (1992) 10 Cal.App.4th, 1043; and, *Suzuki Motor Co.*

8  *v. Superior Court* (1988) 200 Cal.App.3d 1476.

9

10  3.    **CONCLUSION.**

11       For the foregoing reasons, defendant TMC requests that its motion to

12  dismiss be granted.

13

14       Dated: July 24, 2008        DEMLER, ARMSTRONG & ROWLAND, LLP

15

16                                   /s/ John W. Myers IV
                                     _____
17                                   SEAN D. BEATTY
                                     JOHN W. MYERS IV
18                                   Attorneys for defendant Toyota Motor Sales,
                                     U.S.A., Inc.

19

20

21

22

23

24

25

26

27

28

1   Sean D. Beatty (Bar No. 155328)
2   John W. Myers IV (Bar No. 179975)
    DEMLER, ARMSTRONG & ROWLAND, LLP
3   4500 E. Pacific Coast Highway, Fourth Floor
    Long Beach, California 90804-3298
    Telephone: (562) 597-0029
4   Fax: (562) 494-3958

5   Attorneys for defendant Toyota Motor Corporation and
    Toyota Motor Sales, U.S.A., Inc.
6

7

8                   UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                        SOUTHERN DIVISION
11

12
    ZARUI KHACHATRYAN,              )   NO.    SACV08-00663 JVS (RNBx)
13                                  )
                    Plaintiff,      )   Date:        September 8, 2008
14                                  )   Time:        1:30 p.m.
            vs.                     )   Courtroom: 10C
15                                  )   Judge:       Hon. James V. Selna
    TOYOTA MOTOR SALES,             )   Magistrate: Hon. Robert N. Block
16  U.S.A., INC., and TOYOTA        )
    MOTOR CORPORATION,              )   **DECLARATION OF ELLEN**
17                                  )   **FARRELL IN SUPPORT OF**
                    Defendants.     )   **TOYOTA MOTOR**
18                                  )   **CORPORATION'S MOTION TO**
                                    )   **DISMISS COMPLAINT FOR**
19                                  )   **INSUFFICIENT SERVICE OF**
                                    )   **PROCESS (FRCP 12(b)(5))**
20                                  )
                                    )   Complaint Filed:   June 13, 2008
21  _____  )   Trial Date:        None

22          I, Ellen Farrell, declare as follows:

23          1.     I am currently employed as Managing Counsel of Toyota Motor

24  Sales, U.S.A., Inc. ("TMS") located at 19001 S. Western Avenue, Torrance,

25  California, 90501.  The following facts are within my personal knowledge, and, if

26  called upon as a witness, I could and would competently testify thereto.

27          2.     TMS is the distributor of some Toyota vehicles, in certain geographic

28  areas of the United States including, as relevant to this case, California.

3.      Toyota Motor Corporation is a separate corporation, with its physical and mailing addresses in Japan.  Toyota Motor Corporation does not have a physical or mailing address in the United States.

4.      In my capacity as Managing Counsel, I am familiar with TMS' process and policies for accepting service of summons and complaints.  TMS does not have authority to accept service of process for or upon Toyota Motor Corporation.

5.      It is my understanding that there is a process by which Plaintiff can serve a corporation, such as Toyota Motor Corporation, that is based in Japan.

6.      TMS is not the "general manager" of Toyota Motor Corporation, nor is TMS the managing or general agent of Toyota Motor Corporation.  As far as I know, Toyota Motor Corporation does not have any authorized or general agent in the United States.

7.      Yukitoshi Funo is the Chairman of TMS.  He is not authorized to accept or receive service of process for or upon Toyota Motor Corporation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of July 2008 at Torrance, California.


/s/ Ellen Farrell
Ellen Farrell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, John W. Myers IV, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4500 East Pacific Coast Highway, Fourth Floor, Long Beach, California, 90804-3298.

**[X]    ELECTRONICALLY**:  On the date indicated below, an attorney with our office will file the document described below electronically using the Court's CM/ECF System.  I am informed and believe that the Court's CM/EFC System will automatically e-mail a Notice of Electronic Filing to each registered CM/ECF user and that this e-mailing will constitute electronic service of the document.

Document(s) Served:  **DEFENDANT TOYOTA MOTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5)); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELLEN FARRELL**

Person(s) served, address(es), and fax number(s):

| | |
|---|---|
| Martin W. Anderson | Attorneys for plaintiff |
| Anderson Law Firm | |
| 2070 N. Tustin Avenue | (714) 516-2700 – phone |
| Santa Ana, CA 92705 | (714) 532-4700 – fax |
| | |
| Michael E. Lindsey | Co-counsel for plaintiff |
| Law Offices of Michael E. Lindsey | |
| 4455 Morena Blvd., Suite 207 | (858) 270-7000 – phone |
| San Diego, CA | (858) 270-7710 - fax |

Date of Service:                         July 24, 2008
Date Proof of Service Signed:    July 24, 2008

I declare under penalty of perjury under the laws of the United States of America and on my own personal knowledge that the above is true and correct.

/s/ John W. Myers IV

TMS8620\MOTIONS\MTDI02

12